David B. Watkiss (#3401)
Anthony C. Kaye (#8611)
Angela W. Adams (#9081)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001

Attorneys for Defendant 324 South State, LLC

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 16 2003

MARKUS B. ZIMMER, CLERK
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LASALLE NATIONAL BANK, as Trustee for the Registered Holders of Asset Securitization Corporation Commercial Pass-Through Certificates 1996-D2,<br><br>Plaintiff,<br><br>vs.<br><br>324 SOUTH STATE, L.L.C., a Delaware limited liability company; FIRST AMERICAN TITLE INSURANCE AGENCY, INC., a Utah corporation, in its capacity as trustee, DOERKEN REAL ESTATE SERVICES, INC., a California corporation; EXCHANGE MANAGEMENT, L.L.C., a Utah limited liability company; WILCOM, INC., a Utah corporation d/b/a Jani-King of Salt Lake City, SMITTY'S ENTERPRISES, INC., a Utah corporation; MECHANICAL SERVICE & SYSTEMS, INC., a Utah corporation; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 324 SOUTH STATE | **NOTICE OF REMOVAL**<br><br>**State Case No. 030907015LM**<br><br>Judge David Sam<br>DECK TYPE: Civil<br>DATE STAMP: 05/16/2003 @ 15:21:43<br>CASE NUMBER: 2:03CV00455 DS |

STREET; BIG-D CONSTRUCTION CORPORATION, a Utah corporation; SALT LAKE CITY CONSTRUCTION COMPANY, a Utah corporation; COSTELLO COMPANY, INC., a Utah corporation; ISS BUILDING MAINTENANCE, INC.; BOMEL CONSTRUCTIONS CO., INC., a California corporation, IRELL & MANELLA, LLP, a California limited liability company; and JOHN DOES 1-10,

   Defendants.

---

324 South State, LLC ("Debtor"), by and through its counsel of record, Ballard Spahr Andrews & Ingersoll, LLP, hereby gives notice of the removal of the action captioned *LaSalle National Bank v. 324 South State, LLC*, now pending in the Third Judicial District Court for Salt Lake County, State of Utah, Case No. 030907015LM, to the United States District court for the District of Utah, Central Division. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and as grounds for such removal, Debtor respectfully states as follows:

1. On January 26, 2000, Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, commencing bankruptcy case number SA 00-10624-JB (the "Bankruptcy Case").

2. Debtor was served with a copy of the Complaint in the above-referenced state action on April 17, 2003.

3. The removed claims are for judicial foreclosure of a trust deed encumbering certain real property of the Debtor and for the appointment of a receiver during the pendency of the action (the "Removed Claims"). The Removed Claims are stayed by virtue of the automatic stay in effect with respect to the Debtor pursuant to 11 U.S.C. § 362. The real property subject of the Removed Claims is property of the bankruptcy estate in the Bankruptcy Case pursuant to 11 U.S.C. § 541.

4. The Removed Claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a) because this Court has jurisdiction over such claims under 28 U.S.C. § 1334, which provides "the district Courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334.

5. Removal to this Court is timely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure which allows for removal within thirty days of the receipt of a copy of the initial pleading setting forth the claims to be removed. Debtor has filed this notice of removal within thirty days of receipt of the Complaint setting forth the Removed Claims.

6. None of the co-defendants named in the action appear to have been served with process. In any event, consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. *See Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

7. Upon removal, the proceedings with respect to the Removed Claims are core proceedings pursuant to 28 U.S.C. § 157(2).

8. Copies of all process and pleadings in the state court action are attached hereto as Exhibit A.

## NOTICE

8. A copy of this Notice of Removal and related documents is being served this date, by First-Class Mail, postage prepaid, on counsel of record for all represented parties to the action pending in state court.

9. A true and correct copy of a Notice of Filing of Notice of Removal is being filed this date with the Clerk of the Third Judicial District Court for Salt Lake County, State of Utah.

DATED this 16th day of May 2003.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

_____
David B. Watkiss, Esq.
Anthony C. Kaye, Esq.
Angela W. Adams, Esq.
Attorneys for Defendant 324 South State, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of May 2003, I caused a true and correct copy of the foregoing **Notice of Removal** to be mailed, via First-Class Mail, postage prepaid, to:

Ronald C. Russell, Esq.
PARR WADDOUPS BROWN GEE & LOVELESS
185 South State Street, Suite 1300
P.O. Box 11019
Salt Lake City, Utah 84147-0019

*Anthony Clarge*

Exhibits/Attachments to this document have **not** been scanned.

Please see the case file.